MILTON M. MORRILL

*v.*

ADAM SWARTZ.

1.  TAX TITLE—*of the acts of the collector.*   Under the thirty-third section of the act concerning the public revenue, the report required to be filed by the collector, of the delinquent lands, or town lots, must substantially follow the form required by the statute, or no title will pass at the tax sale.

2.   SAME—*report of collector, confers jurisdiction.*   The report of the collector is what gives the court its jurisdiction, and is as important as the judgment or precept.

3.  SAME—*report of collector, when insufficient.*   Where the report of the collector simply shows the total amount of taxes due, without specifying whether the delinquent tax was due to the State or county, such an error is fatal and no title will pass at the tax sale.

APPEAL from the Circuit Court of Hancock county; the Hon. Joseph SIBLEY, Judge, presiding.

This was an action of ejectment, tried at the October Term of the Hancock Circuit Court, 1865, for the east half of lot four, block five, in Hibbard's addition to the town of Nauvoo. The declaration and plea were in the usual form; a jury was waived, and the case was tried by the court, who rendered judgment against the defendant (appellant), for the premises and costs of suit; to reverse which judgment the defendant appealed to this court.

The question presented is in regard to the validity of a tax title relied upon by the plaintiff. The report of the collector of delinquent lands failed to designate whether the taxes, for the non-payment of which the premises were sold, were due to the State or the county, or to either of them, but simply stated "amount of tax." And this defect in the report the appellant insists was fatal to the title of the plaintiff below.

Mr. M. M. MORRILL, *pro se.*

Mr. A. SWARTZ, *pro se.*

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment brought by the appellee against the appellant. The plaintiff relied for recovery upon a tax sale made in 1855, and a deed made to him in 1857, as the purchaser. The only question sought to be presented on the record is the validity of the tax title. .

The thirty-third section of the Revenue Law, Purple's Statutes, page 965, requires the collector to file with the county clerk a list of the delinquent lands or town lots five days before the commencement of the term at which application for judgment is to be made. The law further provides that the clerk shall receive and record this report in a book to be kept for that purpose "which book shall be ruled and headed as near as may be in the following form." A form is then given from which

it appears that this report should show the owners' names, the description of the land, the valuation, the State tax, the county tax, the costs, and the total amount due. This report is what gives the court its jurisdiction, and is as important as the judgment or precept. It must substantially follow the form required by the statute, or no title will pass at the tax sale. In the case at bar, the report gives the total amount of taxes, but does not state what portion is State and what portion is county tax. This is a fatal departure from the law. Here are two sources of taxation, and parties whose land is sought to be condemned have a right to be informed by the report which tax it is that is alleged to be unpaid, in order that they may make defense. In the case before us, the report does not even show the delinquent tax was due either to the State or county. It simply shows, in the language of the report, " amount of tax." In proceedings of this character, such an error must be held fatal. The judgment is reversed.

*Judgment reversed.*