## AMBROSE FOX

### *v.*

## WILLIAM TURTLE.

1  TAX TITLE—*of the acts of the collector.* It was held, in *Morrill* v. *Swartz*, 39 Ill. 108, under the thirty-third section of the act concerning the public revenue, the report required to be filed by the collector, of the delinquent lands, or town lots, must substantially follow the form required by the statute, or no title will pass at the tax sale.

2.  SAME—*report of collector, when insufficient.* So where the report of the collector simply shows the total amount of taxes due, without specifying whether the delinquent tax was due to the State or county, such an error is fatal, and the purchaser at the tax sale can acquire no title.

3.  SAME—*certificate of publication.* Where a party claimed title to a lot of ground in the city of Chicago, under a sale for taxes assessed by the city, the certificate of publication of the collector's notice of his intended application for judgment being signed in the name of the publisher by a third person, the authority of such third person to so use the name of the publisher not appearing, was held insufficient and the tax title defective.

4.  But it seems, that in case a newspaper were published by a firm or by a corporation, the certificate of one of the partners, or of an officer of the corporation, the same showing the official connection of the person making it with the newspaper, might be regarded as sufficient.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was an action of ejectment, commenced by Turtle against Fox, to recover lot 16, in block 1, in Carpenter's addition to the city of Chicago. The plaintiff claimed title through two tax deeds to said premises—one dated July 19, 1860, made and executed by John Gray, sheriff of Cook county, to Allen C. Lewis, and the other dated October 21, 1861, made and executed by the city of Chicago to the said Lewis, and the question is, as to the validity of the tax title. The appellant objects to the title derived through the deed from the sheriff, that the collector's report of delinquent lands failed to show what portion of the taxes he had been unable to collect, for the non-payment of which the premises were sold, were State, and what portion were county taxes, the report giving simply the total amount of taxes. The question arising under the city tax title is presented in the opinion of the court.

Messrs. WALKER & DEXTER, for the appellant.

Messrs. STORY & KING and Mr. EDWARD ROBY, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of ejectment, in which the plaintiff claimed under two sales for non-payment of taxes, one by the sheriff of Cook county for non-payment of State and county taxes for the year 1857; the other by the collector of the city of Chicago for non-payment of taxes due the city for the year 1858. The title claimed under the sheriff's sale is open to the same objection that was held fatal in the case of *Morrill* v. *Swartz*, 39 Ill. 108, and it is unnecessary to consider the other objections.

The city tax title is defective in this respect: The certificate that the collector's notice of his intended application for judgment had been published for the time required by the

statute, by means of which the court acquired its jurisdiction, is signed, "John Wentworth, publisher, by Reed." The statute requires the certificate of publication to be signed by the publisher or printer. This certificate does not purport to be given by the publisher, but by another person who uses his name, and his authority to do so does not appear. While, in case a newspaper were published by a firm or by a corporation, we might accept the certificate of one of the partners, or of an officer of the corporation, when the certificate showed the official connection of the person making it with the newspaper, yet, in this case, we have nothing upon which to base a presumption in favor of the certificate. Who the person calling himself Reed was, or by what authority he gave this certificate, does not appear.

The plaintiff showed no title, and should not have recovered. The judgment must be reversed and the cause remanded.

*Judgment reversed.*