THE PEOPLE *ex rel.* McCrea
*v.*
E. O. GALE.

TAXATION—*forfeited lands—interest upon back tax—construction of the statute.* Where real property has been forfeited to the State for taxes, and the amount of back tax due on such property, together with interest, penalty, etc., " with one year's interest, at ten per cent, on the amount of tax due," is to be added to the amount of tax due on the same property for the current year, as provided in section 129 of the Revenue act of 1872, the "one year's interest at ten per cent" should be computed only upon the actual amount of back tax due, not upon the aggregate amount of such tax together with the penalty, etc., added thereto.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, judge, presiding.

This was an application in the court below for judgment against certain real property for delinquent taxes for the current year, to which were added back taxes due on the same property, together with interest, penalty, etc.

One of the objections made to the entry of the judgment was that "the amount for which judgment was asked on lands forfeited was too large, by reason of the addition of interest upon interest and penalty, as well as upon the original taxes."

This objection was sustained, and judgment entered accordingly. The collector appealed.

Mr. CONSIDER H. WILLETT, for the appellant.

Mr. JOHN P. WILSON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The decision of this case involves the construction of § 129 of the Revenue law of 1872, Laws of 1872, p. 33, which reads as follows:

"In all cases where any real property has heretofore been, or may hereafter be, forfeited to the State for taxes, it shall be the duty of the clerk, when he is making up the amount of tax due on such real property for the current year, to add the amount of back tax, interest, penalty and printer's fees remaining due on such real property, with one year's interest at ten per cent on the amount of tax due, to the tax of the current year, and the aggregate amount so added together shall be collected in like manner as the tax on other real property for that year may be collected: *Provided*, that the county clerk shall first carefully examine said list, and strike therefrom all errors, and otherwise make such corrections as may be necessary with respect to such property or tax."

In this case the land had been forfeited to the State for several years, and it is contended on behalf of the people, on the application for judgment against the land, that the " one year's interest at ten per cent" should be computed upon the amount which the property owner would be required by law to pay to redeem the property from the taxes; in other words, in ascertaining the amount for which judgment should be rendered, ten per cent interest should be computed not only on the amount of tax due, but also upon the penalties which had accumulated each year. On the other hand, it is insisted that the interest should be limited to and computed only on the tax. This latter view was sustained by the county court, which we think was correct.

It will be observed that the section of the statute enumerates each item separately which shall become a charge upon the land, and requires them to be added together, and then one item, that is, the tax, is required to pay ten per cent interest for one year. It seems plain if the framers of the section had intended that interest should have been computed upon the entire amount, the clerk would have been directed to add the amount of back tax, interest, penalty and printer's fees, which was then a charge upon the property, with one year's interest at ten per cent thereon, or interest at ten per cent for one year upon the entire amount. But no such language was used, and we can not believe that interest was intended to be computed upon the penalties, or different words would have been employed to convey that meaning.

We are of opinion that the construction placed upon the statute by the county court was the correct one, and the judgment will be affirmed.

*Judgment affirmed.*