VALDO F. WILSON *et al.* Appellees, *vs.* JACOB GLOS,
Appellant.

*Opinion filed December 16, 1914—Rehearing denied Feb. 4, 1915.*

1. TAXES—*form prescribed by law for tax judgment sale, redemption and forfeiture record is mandatory.* The form prescribed by the statute for the tax judgment sale, redemption and forfeiture record is mandatory and must be strictly followed.

2. TAX DEEDS—*tax deed issued on a void judgment is void.* A judgment for taxes in which only figures are used, without the dollar mark or any other means of determining what the figures stand for,—whether for dollars, cents or mills,—is a nullity and void; and a tax deed issued upon such a judgment is also illegal and void.

3. SAME—*affidavit required by section 217 of the Revenue act is jurisdictional.* The affidavit required by section 217 of the Revenue law is jurisdictional, and if no proper affidavit is filed the tax deed issued thereon is null and void.

4. SAME—*affidavit required by section 217 of the Revenue law must state facts positively.* The affidavit required by section 217 of the Revenue law must show a compliance with the provisions of section 216 of said act by direct and positive statements of fact, and the matter of such compliance must not be left to inference from doubtful or equivocal language.

5. ABSTRACTS OF TITLE—*abstract presumed to have been signed on day it bears date.* It is a presumption of law, subject to rebuttal, that abstracts, like other documents, were made, written and signed on the days they bear date.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

CHARLES F. MCKINLEY, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellees filed their application in the circuit court of Cook county to register their title in fee simple to certain lots described in the application, under the act concerning land titles, known as the Torrens law. (Hurd's Stat. 1913,

p. 537.) Appellant, Jacob Glos, was made a defendant, and it was alleged in the application that he was the owner of a tax deed to all the lots, which said tax deed was void. He appeared and filed an answer to the application, admitting that he was the owner of a tax title to the lots described but denied it was invalid, and set up numerous reasons why the act under which the application was filed was in violation of both the State and Federal constitutions. The application was referred to one of the examiners of titles, who heard the evidence and made a report finding that the applicants were entitled to register their title as prayed, and recommending that the tax deed of appellant be declared void and that the same be set aside for the reasons that appellant had failed to make any proof of the existence of any valid judgment for delinquent taxes on which the tax sale to him was made and on which his deed was based, and that the proof failed to show that he had given sufficient and proper notice to the owners and those interested in the premises, as required by law, before taking out said tax deed on the expiration of the time for redemption from the tax sale. The examiner also found the amount paid out by appellant and expended by him in and about the procurement of said tax deed and payment of subsequent taxes, and recommended that appellant be reimbursed said amount as a condition to registering the title of appellees. Numerous objections were filed to the examiner's report, which were overruled and were ordered to stand as exceptions to said report. On the hearing the court rendered a decree in accordance with the report of the examiner, registering the title of said lots in appellees and decreeing that the tax deed of appellant was void, and that he be reimbursed the amount expended and paid out by him in procuring said tax title and paying taxes on the property as found by the examiner. Appellant prayed an appeal to this court and has assigned numerous causes for error, of which the only ones relied upon and argued are that the abstracts of title which were

offered in evidence by appellees before the examiner to prove their title to the premises involved were not made competent by the necessary preliminary proof under section 18 of the Torrens act, and that the findings of the examiner of titles and the decree of the court regarding the invalidity of the tax deed are contrary to law and not supported by the evidence.

The specific reasons urged by appellant in support of his contention as to the abstracts of title are, that two of the abstracts received in evidence (applicants' exhibit 1) are not competent, as there was no proof that the persons certifying to the same were in the business of making abstracts of title at the time of such certification, and that the time of such certification is not shown and the certificate is not dated. Applicants' exhibit 1 is a copy of an abstract and shows the title of the property in question to May 12, 1891. The signature of the abstracters, Haddock, Vallette & Rickcords, to the certificate at the end of the abstract, together with the testimony of the witness Harry L. Smith that he was acquainted with the firm of Haddock, Vallette & Rickcords and had worked for them; that they were in the business of making abstracts for hire and were in that business when the abstract was made, and made the abstract as a part of the transactions ordered in their office at the time it bore date; that he knew the firm signature, and that the signature was the genuine signature of said abstracters and was written by Erastus R. Green, who had an interest in the firm and who was accustomed to attach the firm signature in the ordinary course of business, was sufficient to make the abstracts competent evidence. The manner in which this abstract was signed is as follows:

"CHICAGO, *May twelfth (12), 1891.*

Fourteen (14) pages.        HADDOCK, VALLETTE & RICKCORDS.

The foregoing (twenty-two [22] pages, this included,) is a true copy of the original examinations of title.

HADDOCK, VALLETTE & RICKCORDS."

Appellant argues that as the words "Haddock, Vallette & Rickcords" in the upper signature were printed on the abstract, (the lower signature alone being written and identified,) the date, "May twelfth (12), 1891," did not apply to the lower signature, which was the signature identified as the written signature of the firm by the witness Smith. Counsel for appellant concedes that if the signature of Haddock, Vallette & Rickcords which is printed and which immediately follows the date, "May twelfth (12), 1891," was an original signature and so proved, it would be sufficient to make the document admissible.   We think appellant's contention is without merit.   The witness Smith testified that the abstract was made and issued at the date shown upon the abstract, May 12, 1891.   In *Chicago and Alton Railroad Co.* v. *Keegan,* 152 Ill. 413, we held that it is a presumption of law, subject to rebuttal, that abstracts, like other documents, were made, written and signed on the days they bear date.

Appellant also contends that the finding of the court that the tax deed was invalid for the reasons that no valid judgment for delinquent taxes was shown and no proof was made of proper notice of the tax sale to the owners and those interested in the premises, is not supported by the evidence.

Appellant offered in evidence a tax deed dated September 6, 1910, and also offered a sworn copy of the tax judgment sale, redemption and forfeiture record of the county court of Cook county for taxes of the year 1906 and prior years, and also the affidavit of Jacob Glos and August A. Timke as to notice and inquiry for owners and persons interested in the premises.   The copy of the judgment record offered in evidence shows that application for judgment was made by the county collector for a large amount of property embraced in a delinquent list of some eighty-seven volumes submitted with the application for judgment.   The court entered judgment against all the lands, lots, etc., as described

in the delinquent list and application for judgment, being volumes 1 to 87, inclusive, except as to such lands, lots or parts thereof opposite the description of which the words "judgment refused" or "application withdrawn" are writ- ten. It will thus be seen that the judgment against the property in question was by reference thereto as described in the delinquent list in the tax judgment sale, redemption and forfeiture record. The copy of this record as it ap- pears in the record in this case is not ruled or arranged in the manner prescribed by section 188 of the Revenue law (Hurd's Stat. 1913, p. 2057,) and is not in proper form. The form prescribed by the statute as to the arrangement of the tax judgment sale, redemption and forfeiture record has been held mandatory. (*Morrill* v. *Swartz,* 39 Ill. 108; *People* v. *Smythe,* 232 id. 242.) Unless the form pre- scribed by the statute is strictly followed it is almost im- possible to ascertain from the record whether the law has been complied with as to the essential requirements, such as a description of the land, amount of taxes, assessments, interest, costs, and other entries on the judgment record that go to make up a valid judgment for taxes. The copy of the tax judgment sale, redemption and forfeiture record contained in the record in the case at bar is "for the State, county, city, etc., taxes of 1906 and prior years." This ap- pears at the head of the page of the record. Below this, under the heading "Valuation—dollars," in one line across the page in the following order, are the figures "30," "30," "30," "30," "30," "30," "30," "30," "30," "37." On the line below this, and under the heading "Amount of consoli- dated and other taxes," occur the figures "$1.77" nine times and the figures "$2.20" once. On the line below is "Total tax," and the figures "$1.77" occur nine times and "$2.20" once. Below this, under the heading "Amount of interest," the figures ".05" occur nine times and ".07" once, with no word or symbol to denote dollars or cents. It is impossible to tell which of the lots the figures representing the tax,

costs, etc., refer to and what amount of tax, interest and costs was assessed against each lot, as could readily be told if the judgment were in the form prescribed. It follows, therefore, that assuming, as we must, that the sworn copy of the judgment record as the same appears in the record in this case was a true copy of the original judgment record, the judgment was defective.

Another objection to this judgment is that it is not rendered for any amount of money. Under the heading "Amount of judgment" is a line of figures, "2.01," "2.01," "2.01," "2.01," "2.01," "2.01," "2.01," "2.01," "2.01," "2.46," with no word or symbol to denote dollars or cents or what the figures mean. The same is true of the costs and total amount of sale as attempted to be shown. A judgment against lands for non-payment of taxes must be for an amount certain, (*Gage* v. *People,* 207 Ill. 61; *Gage* v. *People,* 213 id. 347;) and if it does not find the amount due in money for taxes and costs it is fatally defective. (*Gage* v. *People, supra.*) A judgment in which only figures are used to designate the amount, without the dollar mark or other means of determining what the figures stand for, and whether for dollars, cents or mills, is a nullity and void, (*Lawrence* v. *Fast,* 20 Ill. 339; *Dukes* v. *Rowley,* 24 id. 210; *Potwin* v. *Oades,* 45 id. 366; *Pittsburgh, Ft. Wayne and Chicago Railway Co.* v. *City of Chicago,* 53 id. 80;) and a tax deed issued upon such a judgment must be held illegal and void. It was incumbent upon appellant to show a valid tax deed and a judgment for tax sale against the property. (*Blair* v. *Johnson,* 215 Ill. 552.) Such judgment must be a valid judgment. *Glos* v. *Mulcahy,* 210 Ill. 639.

The affidavit filed with the county clerk, under section 217 of the Revenue act, to show a compliance with the provisions of section 216 of the same act, was evidently intended to cover a number of different tracts of land and lots, some of the owners and persons in whose names the same were assessed being known but upon diligent search

and inquiry could not be found in the county, and as to other lots the names of the owners being unknown. The only attempt at a description of the lots or tracts of land and of the person or persons in whose name assessed, and of the owners who were known but upon diligent search and inquiry could not be found in the county, and of the unknown owners thereof, is by reference to various certificates of purchase at tax sales annexed to but which are in no way identified in the affidavit by name of person, description of property, date of certificate of purchase, or otherwise, as being the ones to which reference is made in the affidavit. The affidavit required by section 217, *supra,* is jurisdictional, and if no proper affidavit is filed the tax deed issued thereon will be null and void. (*Perry* v. *Bowman,* 151 Ill. 25; *Harrell* v. *Enterprise Savings Bank,* 183 id. 538.) The affidavit must not be a mere statement of the conclusions of the deponent, but must state the facts showing a compliance with the provisions of section 216 of the act with such definiteness that an indictment for perjury can be predicated thereon if the statements are false or untrue in any material respect. (Hurd's Stat. 1913, sec. 217, p. 2063.) In proceedings of this character, by which the property owner is deprived of his property by forced sale for non-payment of taxes, the law must be strictly complied with, and a party claiming title under a tax deed must show strict compliance with the statute in all its essential provisions. Such compliance must appear by direct and positive statements of facts and not be left to inference from doubtful or equivocal language. The statute evidently contemplates a separate affidavit for each certificate of purchase, and the better practice would seem to be to follow that course, although it is not indispensable that the purchaser at the tax sale do so; but when different tracts or lots of land assessed in the names of different persons are sold and different certificates of purchase issued for each sale are attempted to be included in one affidavit, and the several certificates of purchase are

relied upon to furnish the description of the lands, the names of the persons in whose names assessed and the names of the several owners, some of whom are known but upon diligent search and inquiry cannot be found in the county and others are unknown, the several persons and tracts of land included in the affidavit must be identified and made a part of the affidavit by reference to the persons by name or by a description of the property or otherwise, in such positive and direct terms as to leave no question as to what person or persons and lands or lots the several different character of averments in the affidavit are intended to be made and to refer to and include. In our opinion the affidavit filed in this case, as the same appears in this record, is too indefinite and uncertain in this respect to constitute a compliance with the provisions of section 217 of the Revenue act, and for that reason we think the examiner and court did not err in holding that no proper affidavit was filed for the procurement of the tax deed in question.

For the reasons given, the decree of the circuit court will be affirmed.

*Decree affirmed.*