THE TOWN OF THE CITY OF PEORIA *et al.*, Plaintiffs-Appellants and Cross-Appellees, *v.* EDWARD T. O'CONNOR, Treasurer and ex-officio Collector for the County of Peoria, *et al.*, Defendants-Appellees and Cross-Appellants.

Third District   No. 79-465

Opinion filed June 27, 1980.

David L. Thomas, of Peoria (Brian M. Nemenoff, of counsel), for appellants.

Michael M. Mihm, State's Attorney, of Peoria (John G. Sahn, Special Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

In November of 1976, the Peoria County Board adopted a resolution, which provides, in pertinent part:

"NOW THEREFORE, BE IT RESOLVED, that the County Board of the County of Peoria hereby authorizes the County Collector of

Peoria County to print the following, or comparable, instructions on the real property tax bills for collection of taxes in 1977 and following years:

'Taxpayers paying *by mail* either or both installments of real property taxes shall address said payment(s) to: County Collector of Peoria County, 17 Court House, Peoria, Illinois 61602' and 'taxpayers paying *in person* either or both installments of real property taxes may make said payment(s) at the Office of Township Collector in your town or at the Office of the County Collector, Room 17, Peoria County Court House.' "

Subsequently, the town of the city of Peoria and the township collector, Mildred Arends, filed a verified complaint in the circuit court of Peoria County against Edward T. O'Connor as county treasurer and ex-officio county collector and the County of Peoria seeking a declaratory judgment decreeing the above resolution to be contrary to law, and a permanent injunction enjoining the Peoria County collector from collecting real property taxes prior to September 1 of any collection year. After the court issued a preliminary injunction, the defendants answered the plaintiffs' complaint and filed a five-count counterclaim for declaratory relief. The defendants' counterclaim alleged, *inter alia*, that neither the town collector nor the town of the city of Peoria had the statutory authority to invest the proceeds of the real estate taxes collected; that even if the plaintiffs had the power to invest tax proceeds, their retention of the interest earned on the investment was illegal; that the plaintiffs have improperly retained the interest earned on the collection of real estate taxes paid under protest; and finally, that the retention of interest earned on the investment of tax proceeds was unconstitutional.

Following a hearing, the circuit court permanently enjoined the defendants from collecting real property taxes prior to September 1 of any collection year. The court also decreed by way of declaratory judgment that the town collector has the authority, but not the obligation, to invest tax proceeds in interest-bearing accounts, and that the town collector is without authority to retain any interest so earned. The court directed that any interest earned by the town collector on the investment of tax proceeds be distributed to the county and credited to the county treasury for the benefit of a county corporate fund. The defendant county collector and the County of Peoria now appeal from that portion of the order making the injunction permanent. The plaintiffs appeal from that portion of the order directing them to distribute interest earned on investment of tax proceeds to the County.

There are three issues raised for our consideration on appeal. First, does the town collector of the town of the city of Peoria (Town) have the exclusive right, prior to September 1 of any collection year, to collect real

property taxes levied against property located within the township, or does she share that right with the county collector; second, does a town collector have the authority to invest tax proceeds in interest-bearing accounts; and third, if the town collector does have the authority to invest tax proceeds, may the township retain the interest income earned on the investments.

In regard to the first issue, the plaintiffs take the position that the resolution of the county board allowing for dual collection of real property taxes by the county and town collectors prior to September 1 of the collection year is contrary to law, specifically the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 482 *et seq.*). The plaintiffs contend that it is apparent from a reading of the various provisions of the Revenue Act that the town collector has the exclusive right prior to September 1 of the year to collect taxes. They place a great deal of reliance on sections 190 and 208 of the Revenue Act of 1939 in particular. Section 190 provides, in pertinent part, "Every town collector and every county collector, *in cases where there is no town collector,* upon receiving the tax book or tax books, shall proceed to collect the taxes mentioned herein." (Emphasis added.)(Ill. Rev. Stat. 1977, ch. 120, par. 671.) The Town contends that the language of section 190 which we have emphasized would not be present unless the legislature intended the town collector to have the exclusive right to collect taxes, with the county collector to act only in those instances where there is no town collector. Section 208 states, in regard to the power to collect unpaid taxes, "The power and duty to levy and collect any tax due and unpaid, shall continue in and devolve upon the county collector and his successors in office, after his return and final settlement until the tax is paid; * * *." (Ill. Rev. Stat. 1977, ch. 120, par. 689.) The Town argues that this section also supports the view that the town collector's right to collect taxes prior to September 1 is exclusive. In the plaintiffs' view, the term "devolve upon" necessarily means that the power to collect may lie with another official (*i.e.,* the town collector) prior to final settlement on September 1. The plaintiffs contend that the General Assembly would not have used such language unless a functioning town collector had an exclusive right to collect unpaid taxes prior to final settlement.

The defendants, on the other hand, contend that both the county collector and town collector have the right to collect property taxes prior to September 1. The defendants rely on section 207 of the Revenue Act of 1939, which provides that "[c]ounty collectors shall have the same powers and may proceed in the same manner, for the collection of any tax on real or personal property, as town collectors; * * *." (Ill. Rev. Stat. 1977, ch. 120, par. 688.) The defendants also rely on section 172 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 653), which provides that

collection books may be delivered to either the town collector or county collector, in support of their position that the county board resolution does not conflict with any statutory provision regarding the tax collection procedure.

■■ In *Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 381 N.E.2d 222, the supreme court stated:

> "The language of the statutes must be given its plain and ordinary meaning. 'It is a primary rule in the interpretation and construction of statutes that the intention of the legislature should be ascertained and given effect. [Citations.] This is to be done primarily from a consideration of the legislative language itself, which affords the best means of its exposition, and if the legislative intent can be ascertained therefrom it must prevail and will be given effect without resorting to other aids for construction. [Citations.] There is no rule of construction which authorizes a court to declare that the legislature did not mean what the plain language of the statute imports.' (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 350.)" (72 Ill. 2d 189, 194, 381 N.E.2d 222, 224.)

Following these basic tenets of statutory interpretation, we find that the legislature has made it quite evident that where a functioning town collector exists, that town collector is exclusively empowered to collect taxes prior to September 1 of a collection year. The language of section 190 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 671) is a clear manifestation of legislative intent, and is, to our minds, all but dispositive. According to the first sentence of that section, the county collector may act "in cases where there is no town collector." Obviously then, in cases where there is a town collector, he (or she, as in the present case) alone has the right to collect taxes upon receiving the tax book or books and the county collector has no authority to act prior to September 1, at which time final settlement is anticipated. (Ill. Rev. Stat. 1977, ch. 120, par. 680.) The language of section 208, although it deals with a subject not in issue in the instant case (collection of unpaid or delinquent taxes) also supports this view. Further, sections 207 and 172 of the Revenue Act of 1939, relied upon by the defendants in support of their position that a dual collection procedure is statutorily permissible where there is a functioning town collector, are not inconsistent with our holding that the right of the town collector to collect taxes prior to September 1 is exclusive. Those sections, read in conjunction with section 190, merely insure that county collectors have the same powers as town collectors, and may proceed in the same manner as town collectors in those cases where no functioning town collector exists. The county board resolution, insofar as it infringes upon the exclusive right of an active town collector to collect real property taxes prior to September 1, is indeed contrary to

law, and the circuit court of Peoria County is correct in permanently enjoining the defendants from proceeding to collect real property taxes pursuant to its provisions.

The next issue before the court is whether the circuit court was correct in decreeing that the town collector has the authority, but not the obligation, to invest tax proceeds in interest bearing accounts. In seeking our affirmance of this portion of the declaratory judgment, the plaintiffs direct our attention to sections 1 and 2 of the investment-of-public-funds act (Ill. Rev. Stat. 1979, ch. 85, pars. 901, 902). Section 1 defines the term "public agency" for purposes of the Act, and includes townships within that definition. Section 2 then provides as follows in pertinent part:

"Any public agency may invest any public funds in bonds, notes, certificates of indebtedness, treasury bills or other securities now or hereafter issued, which are guaranteed by the full faith and credit of the United States of America as to principal and interest, or may invest in interest-bearing savings accounts, interest-bearing certificates of deposit or interest-bearing time deposits constituting direct obligations of any bank as defined by the Illinois Banking Act. * * * All public funds shall be invested as, in the judgment of such governing authority, will not be required for expenditure within a period of 30 days from and after the earliest possible date on which the funds can be invested.
* * *
All earnings accruing on any investments or deposits made pursuant to the provisions of this Act shall be credited to the public agency by or for which such investments or deposits were made, except where by specific statutory provisions such earnings are directed to be credited to and paid to a particular fund." (Ill. Rev. Stat. 1979, ch. 85, par. 902.)

The plaintiffs take the position that section 2 does not create the power to invest public funds, but rather governs the manner in which the funds are invested. See *People ex rel. Hamer v. Board of Education* (1974), 22 Ill. App. 3d 30, 316 N.E.2d 820.

The defendants attack the plaintiffs' reliance upon section 2 of the investment-of-public-funds act as authority for the investment of tax proceeds by the town collector in interest-bearing accounts in several ways. They first argue that although the town of the city of Peoria may be a public agency under section 1 of the Act, the town collector certainly is not. In support of this position are two Attorney General Opinions (1950 Ill. Att'y Gen. Op. 238; 1962 Ill. Att'y Gen. Op. 212) in which the Attorney General stated that a county collector was not a public agency for investment purposes. Although the General Assembly subsequently enacted "An Act to revise the law in relation to county treasurer" (Ill. Rev.

Stat. 1977, ch. 36, par. 1 *et seq.*) to allow the investment of public funds by the county collector (Ill. Rev. Stat. 1977, ch. 36, par. 22.2), no similar legislation has been passed in regard to the investment power of town collectors. The absence of legislative action and the similarities between the offices of county and town collector clearly indicate to the defendants that the latter is not a public agency under the investment-of-public-funds act. The defendants argue alternatively that if the office of town collector is interpreted to be a "public agency" for purposes of the investment-of-public-funds act, investment by the town collector is nevertheless precluded by language found in section 2 of that act and section 198 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 679). Under section 198, the town collector is obligated to pay over to the proper authorities of incorporated towns, cities, villages, and road and school districts for which any tax is collected, the tax collected, every 30 days when required to do so. The language of section 2 of the investment-of-public-funds act in effect at the time this case was argued, however, states that investment shall be made of all public funds not required for expenditure within 30 days. The defendants contend that if town collectors are to divest themselves of tax proceeds within 30 days pursuant to section 198 of the Revenue Act, they obviously cannot invest those tax proceeds as section 2 of the investment-of-public-funds act directs that investment funds are to be held for at least that period of time.

■■ Concerning the defendants' latter argument first, we agree with the plaintiffs that it is "twice-flawed." Divestment of tax proceeds every 30 days pursuant to section 198 of the Revenue Act only occurs when the receiving authorities request such divestment, which can be at any time. Secondly, the mandatory language of section 2 of the investment-of-public-funds act relates only to those funds which will not be required for expenditure within 30 days. As to funds which may be required for expenditure within a shorter period of time, we read the statute as allowing discretionary, and not demanding mandatory, investment. Consequently, a reading of the two statutes together does not preclude investment by town collectors. In addition, Public Act 81-1181, certified November 29, 1979, effective July 1, 1980, deleted the language from section 2 of "An Act relating to certain investments of public funds by public agencies" which provided that all public funds shall be invested as in the judgment of the proper authorities will not be required within 30 days. (Ill. Rev. Stat., 1979 Supp., ch. 85, par. 902.) The act of the legislature would make the defendants' argument on this point moot.

■■ We find the defendants' second argument that the town collector is not authorized to invest tax proceeds under section 2 of the investment-of-public-funds act because it is not a "public Agency" under section 1, to be likewise without merit. Township officials have only those

powers which are conferred on them by statute, either expressly or by necessary implication. (*Anders v. Town of Danville* (1964), 45 Ill. App. 2d 104, 195 N.E.2d 412). Section 190 of the Revenue Act, as we have found, gives town collectors the exclusive authority to collect taxes prior to final settlement on September 1 of any collection year. At that time the town collector is to turn over to the county collector the amount of taxes collected, together with any interest and penalties. (Ill. Rev. Stat. 1977, ch. 120, par. 680.) Prior to September 1, then, the town collector must necessarily be the custodian of the tax proceeds. In an analogous situation, the Attorney General has stated that the State Treasurer, as ex-officio custodian of the proceeds from Toll Highway Commission bond funds, had the authority to invest those funds pursuant to section 2 of the investment-of-public-funds act (1971 Ill. Att'y Gen. Op. S-251). In his opinion, the Attorney General did not consider the State Treasurer's absence among those entities classified as a public agency for purposes of the investment-of-public-funds act to have any effect at all, and in fact did not even discuss this point. The Attorney General simply found that the State Treasurer, as an official of the State of Illinois (classified in section 1 as a public agency), and ex-officio custodian of public funds, had the inherent power under the act to invest those funds. Similarly, we are of the opinion that the town collector, as an official of the town of the city of Peoria (as a township, also classified in section 1 as a public agency) and custodian of tax proceeds prior to September 1, has the inherent power to invest those tax proceeds in interest-bearing accounts. We do not consider the existence of a statute governing the manner in which the county collector is to invest county moneys (Ill. Rev. Stat. 1977, ch. 36, par. 22.2) to be in any way indicative of a legislative intent to deny similar powers to town collectors, whose statutory duties are virtually identical. It should be noted that this particular statute which governs the investment of county money is part of "An Act concerning county treasurers, in counties containing more than 150,000 inhabitants, and concerning public funds within their custody and control and the interest thereon, and to repeal all acts or part of acts in conflict therewith" (Ill. Rev. Stat. 1977, ch. 36, par. 17 *et seq.*). Were we to accept the defendants' argument, county collectors in counties of less than 150,000 inhabitants would not be empowered to invest because there is no statute expressly governing the manner of investment by them and they, like town collectors, are not a "public agency" under section 1 of the investment-of-public-funds act. We reject any interpretation of section 6.2 of "An Act concerning county treasurers * * *" (Ill. Rev. Stat. 1977, ch. 36, par. 22.2), which leads to such an illogical conclusion. The powers of tax collectors to invest, be they town or county, are inherent, conferred on them by the Revenue Act by necessary implication. The

investment-of-public-funds act and section 6.2 of "An Act concerning county treasurers \* \* \*" govern only the method and manner of tax proceed investment. Accordingly, we affirm the holding of the trial court that the town collector has the authority to invest tax proceeds.

■■ The next (and final) issue before us is whether the tax collector is entitled to retain the interest income earned on the property tax proceeds she invests. The defendants contend that the plaintiffs do not have the statutory authority to retain such earnings, and rely for support on section 199 of the Revenue Act (Ill. Rev. Stat. 1977, ch. 120, par. 680), which provides as follows:

> "[T]own collectors \* \* \* shall make a partial settlement with the county collector of all taxes collected at the expiration of sixty days from the day the tax books are received by such town collectors, but shall retain the tax books until on or before the first day of September at which time they shall make final settlement for the amount of taxes placed in their hands for collection together with the amount of interest and penalties which may have accrued thereon, which interest and penalties such town collector is hereby directed to collect and return the tax books to the county collector: \* \* \*"

According to the defendants, the "interest" referred to in section 199 is the interest accrued on the tax proceeds invested in interest-bearing accounts, and that pursuant to this section the town collector must divest herself of the interest earned upon final settlement. However, we agree with the plaintiffs that the interest referred to is the 1% interest imposed for delinquent payment of taxes under section 224 of the Revenue Act of 1939 (Ill. Rev. Stat. 1977, ch. 120, par. 705). We found the 1% interest imposed under section 224 to constitute a penalty (*Hopedale Medical Foundation v. Tazewell County Collector* (1978), 59 Ill. App. 3d 816, 375 N.E.2d 1376), but we do not consider this to create a redundancy in section 199, which mandates a different interpretation of "interest" as found in that statute. Our duty as a court is to interpret legislation and give to it the effect the General Assembly intended at the time of enactment. In this opinion we hold for the first time that a town collector has the authority to invest tax proceeds in interest-bearing accounts. There is no express statutory authority for this proposition, but the power nonetheless exists by implication from various statutory provisions governing the duties of town collectors and the duties and obligations of a modern governmental officer. We do not believe the word "interest" in section 199 was ever intended by the General Assembly to be synonymous with earnings on tax proceeds investments when nowhere else has it expressly stated that such investments by town collectors could be made. Rather, the General Assembly intended "interest" to be synonymous with "penalty," and used the

phrase "interest and penalties" in section 199 for the sole purpose of describing one thing—the 1% interest on delinquent taxes imposed pursuant to section 224 as a penalty. As a consequence, the town collector need not divest herself of the interest earned by investment of tax proceeds pursuant to section 199, and the trial court erred in so holding. The statute properly governing the interest earned is section 2 of the investment-of-public funds act, which provides "[a]ll earnings accruing on any investments or deposits made pursuant to the provisions of this Act shall be credited to the public agency by or for which such investments or deposits were made * * *." (Ill. Rev. Stat. 1977, ch. 85, par. 902.) On the basis of this provision, the plaintiffs are entitled to retain the interest earned on the investment of tax proceeds.

The judgment of the Circuit Court of Peoria County is affirmed in part and reversed in part.

*Affirmed in part and reversed in part.*

STOUDER, P. J., and STENGEL, J., concur.