HOLIDAY INNS OF AMERICA, INC., Plaintiff-Appellee and Cross-Appellant, *v.* THOMAS TULLY, Assessor of Cook County, *et al.*, Defendants-Appellants and Cross-Appellees.

First District (4th Division)    No. 81-251

Opinion filed May 13, 1982.—Rehearing denied June 17, 1982.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Robert S. Vihon, Assistant State's Attorneys, of counsel), for appellants.

Klafter, Burke and Nathan, of Chicago (Melvin L. Klafter and Edward V. Hanrahan, of counsel), for appellee.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Defendants, Thomas Tully, Cook County Assessor, *et al.*, appeal an order of the circuit court of Cook County authorizing a reduction in back

taxes for plaintiff, Holiday Inns of America, Inc., and permanently enjoining collection of statutory interest from plaintiff for the years 1970, 1971 and 1972. Plaintiff cross-appeals from that part of the judgment which orders plaintiff to pay back taxes for the years 1970 and 1971, and the finding that the property was "omitted" for the year 1972, thereby authorizing back taxes for said year.

On appeal, defendants present the following issues for review: (1) whether the trial court erred by enjoining the statutory interest required by sections 220 and 224 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, pars. 701, 705); (2) whether the trial court erred in holding portions of the 1970 and 1971 back tax leasehold assessments void; and (3) whether the trial court erred by enjoining part of the 1970 and 1971 assessments since equitable relief was not proper.

On cross-appeal, plaintiff presents the following issues for review: (1) whether the trial court erred in finding the subject leasehold was "omitted" property within the meaning of section 220 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 701) and authorizing back taxes thereon, and (2) whether plaintiff was denied equal protection of the law by the imposition of back taxes for 1970, 1971 and 1972, after the board of appeals hearings were closed, thus depriving plaintiff of its statutory right to have each assessment reviewed by the board of appeals.

We affirm.

On February 7, 1975, plaintiff filed this action to enjoin assessment, levy and collection of back taxes for the years 1970, 1971 and 1972 on plaintiff's leasehold. Plaintiff holds a leasehold interest as a sub-lessee in a parcel of real estate owned by the board of education of the city of Chicago and located at One South Halsted Street, Chicago. Plaintiff's leasehold interest runs from November 1, 1966, to August 31, 2065.

Plaintiff's complaint alleged that the back taxes were assessed and imposed in 1973 after the proceedings of the board of appeals were closed and the assessment books for 1973 had been certified, and that such taxes were based on assessments made in 1974 which were substantially greater than those originally made by the assessor in 1970 and 1971. Plaintiff alleged that assessing back taxes for those years (1970, 1971 and 1972) is unconstitutional and constitutes an attempted taking of its property without due process of law.

Plaintiff further alleged that for 1970-72 the same legal description was applied to parcel No. 17-16-100-030-8001 (hereinafter # -8001) in volume 591 of the warrant book as was applied to parcel No. 17-16-100-030-8002 (hereinafter # -8002) in volume 608 of the warrant book. The legal descriptions were changed in 1973 by a "division" made by the assessor. This "division" placed the fee interest on # -8001 and the leasehold interest on # -8002; both parcels were placed in volume 591. Previously, each number

included both the fee and the leasehold. For 1970, 1971 and 1972, the assessor marked the record cards for parcel # -8001 as exempt. The leasehold was included in the legal description for # -8001 for 1970-72; thus, it was assessed as exempt for those years. Therefore, plaintiff contends, the leasehold was not omitted property for those years and the assessor was without authority to enter back taxes for 1970-72 on the leasehold because the leasehold was assessed as exempt for those years.

Plaintiff was assessed a use tax for 1970 and 1971 which was paid. Subsequently, the use tax was held unconstitutional by the Illinois Supreme Court and the resulting taxes held void. (See *Dee-El Garage, Inc. v. Korzen* (1972), 53 Ill. 2d 1, 289 N.E.2d 431.) The supreme court held that the unamended section 26 of the Revenue Act of 1939 (Ill. Rev. Stat. 1967, ch. 120, par. 507) was in full force and effect for 1970 and 1971. (*Dee-El Garage, Inc. v. Korzen* (1972), 53 Ill. 2d 1, 10-11.) Plaintiff Holiday Inns further alleged that it was refunded 85% of the use tax paid. The assessor proceeded to back tax the subject leasehold for 1970 and 1971. The leasehold was not omitted from the assessment for 1970 and/or 1971; thus, plaintiff argues, the assessor was without authority to back tax for those years.

The back tax bills that plaintiff received for the subject leasehold for the years 1970, 1971 and 1972 are as follows:

|      | ASSESSED VALUATION | TAX |
|------|--------------------|-----|
| 1970 | $1,695,665 | $204,337.96 (including 10% interest) |
| 1971 | $1,695,665 | $211,644.40 |
| 1972 | 1,695,665 | 215,742.49 |

The assessments for 1970 and 1971 were increased as follows:

|      | ORIGINAL ASSESSMENT | BACK-TAXED ASSESSMENT | INCREASE |
|------|---------------------|-----------------------|----------|
| 1970 | $1,408,974 | $1,695,665 | $286,691 |
| 1971 | 1,663,324 | 1,695,665 | 32,341 |

Finally, plaintiff sought injunctive relief to keep defendants from assessing, imposing or levying any back taxes for the years 1970, 1971 and 1972.

On the parties' cross-motions for summary judgment, the circuit court entered its judgment order; the pertinent parts follow.

The trial judge found that a back tax is authorized under Illinois law (Ill. Rev. Stat. 1979, ch. 120, par. 701 *et seq.*). He also found that there was an omitted property assessment for 1970, 1971 and 1972 as the subject parcel was assessed for a "use tax" as listed under permanent index No. 17-16-100-030-8002 for 1970 and 1971 and no tax was levied for 1972. There was an omitted property assessment for 1970 and 1971 since the subject parcel was not assessed and the taxes were not paid for each year.

In assessing the back taxes for 1970, 1971 and 1972, the defendants afforded the plaintiff due process of law.

With regard to back taxes, the trial judge ruled that in 1970, 1971 and 1972 the assessor placed a separate valuation on the land and improvements contained on parcel # -8002. The valuation of the land was void because it was a valuation placed on an exempt fee owned by the board of education. The valuation of the improvements leased by plaintiff for those years was based on the assessor's then certified judgment, and the back taxes thereon identified under index No. 17-16-100-030-8002 for the years 1970, 1971 and 1972 were void to the extent that they altered the prior certified assessments.

But, the trial court held, plaintiff must pay an equitable tax for the years 1970, 1971 and 1972. The records of the assessor for those years cannot be altered in subsequent years through a revaluation of the property. The equitable real property tax for 1970 and 1971 is based upon (a) the improvement assessments as originally placed on the subject parcel by the assessor, (b) the applicable State multiplier, and (c) the applicable property tax rate, computed as follows:

$$1970 \quad \$1,177,545 \times 1.59 \times \$.0689 = \$129,001.23$$
$$1971 \quad \$1,431,895 \times 1.59 \times \$.0785 = \$178,721.97$$

The equitable tax for 1972 is equal to the amount based upon the improvement valuation judged by the assessor in that year, or $215,742.51. Defendants are entitled to no interest on these taxes. The defendants were enjoined and restrained from assessing, extending or levying any tax or back tax upon plaintiff's leasehold for the years 1970, 1971 and 1972 other than those ordered by the court.

From this order, defendants appeal and plaintiff cross-appeals.

Defendants contend the trial court erred by enjoining the collection of statutory interest as required by sections 220 and 224 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, pars. 701, 705).

We agree with defendants that sections 220 and 224 of the Revenue Act of 1939 clearly required the imposition of interest penalties for delinquent payment of taxes. We have previously found that the 1% interest imposed under section 224 constitutes a penalty. (*Town of the City of Peoria v. O'Connor* (1980), 85 Ill. App. 3d 427, 435, 408 N.E.2d 11, 17.) However, we disagree with defendants that the trial court erred by enjoining the collection of interest pursuant to sections 220 and 224.

■■ The intent of section 220 (Ill. Rev. Stat. 1973, ch. 120, par. 701) is to provide for omitted property assessments where property which is liable to be taxed has failed to pay taxes. (*In re Application of Rosewell* (1979), 73 Ill. App. 3d 225, 230, 390 N.E.2d 1294, 1299.) Here, the trial court ordered payment of back taxes but did not authorize the collection of interest on the back taxes pursuant to section 220. Because this is a pro-

ceeding in equity, a court of equity is not bound by strict formulas but may " 'shape its remedy to meet the demands of justice in every case, however peculiar.' " (*Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 90-91, 322 N.E.2d 833, 837.) We find that the trial court did not err by enjoining the collection of interest on the property taxes.

■■ After the "use tax" was held unconstitutional by our supreme court (see *Dee-El Garage, Inc. v. Korzen* (1972), 53 Ill. 2d 1, 289 N.E.2d 431), Holiday Inns received a refund of those taxes and was assessed taxes under the old law. It is defendants' position that Holiday Inns should be required to pay the 1% penalty pursuant to section 224 of the Revenue Act of 1939. Equitable principles require us to disagree with defendants. Plaintiff should not be required to pay an interest penalty on taxes that were in fact paid under an unconstitutional statute. We are aware that the unconstitutionality of the 1969 amendment to section 26 of the Revenue Act of 1939 (Use Tax) leaves the law in force as it was prior to the adoption of the amendment. (*Dee-El Garage, Inc. v. Korzen* (1972), 53 Ill. 2d 1, 10.) However, due to the particular facts and circumstances of this case, we uphold the trial court's ruling that it would be inequitable to impose an interest penalty on plaintiff for late payment of taxes.

Defendants next contend the trial court erred in holding portions of the 1970 and 1971 back tax leasehold assessments void to the extent that they exceeded the improvement assessments previously certified under the "use tax" which the supreme court held to be unconstitutional and void. Further, according to defendants, the original assessments and the prior certified assessments were the "use tax" assessments; thus, it cannot be implied that the "use tax" imposed a duty upon the assessor to place the same valuation on the leasehold interest or to protect Holiday Inns from a higher leasehold valuation.

■■■ The unconstitutionality of the "use tax" is irrelevant as to whether the property may be reassessed. The general rule states that where real estate has been assessed by proper description and the taxes extended thereon have been fully paid, the board of review has no power in a subsequent year to review that assessment and increase or diminish it; but, if no assessment was made then the board of review may make an assessment of the omitted property in a subsequent year. (*People ex rel. McDonough v. Birtman Electric Co.* (1934), 359 Ill. 143, 145, 194 N.E.2d 282, 283.) In the instant case, the property had been assessed and a valuation placed on it; therefore, the assessor could not subsequently increase the taxes through a revaluation of the property. The trial court correctly ruled that the property tax was based upon the valuation judged by the assessor in those years and could not be reassessed.

Defendants contend that equitable relief is not proper because plaintiff had an adequate remedy at law by way of payments under protest

and tax objections in which it could allege that the assessments were excessive, and that equitable relief is not proper unless (1) the tax is unauthorized by law, (2) the tax is levied upon exempt property, or (3) the tax is fraudulently excessive and an adequate remedy at law is unavailable.

■■ Defendants' assertion is based upon the holding in *Clarendon Associates v. Cullerton* (1973), 56 Ill. 2d 101, 306 N.E.2d 299. However, we find that case inapplicable here because this case involves a unique situation in which back taxes were reassessed due to the unconstitutionality of a statute. The unusual circumstances present in this case, coupled with the fact that the reassessments were excessive, require that equity retain jurisdiction of this case. See *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833.

Plaintiff, in its cross-appeal, contends the trial court erred in finding the subject property was "omitted" for the years 1970 and 1971 and authorizing back taxes. Plaintiff argues that under section 220 (Ill. Rev. Stat. 1973, ch. 120, par. 701) property is omitted only when the taxes thereon, for which such property was liable, have not been paid. Here, the property was assessed and taxes paid for the years 1970 and 1971. Thus, the property was not "omitted" within the meaning of section 220.

■■ Section 220 provides in pertinent part:

"If any real or personal property is omitted in the assessment of any year or number of years, so that the taxes thereon, for which such property was liable, have not been paid, or if any such property, by reason of defective description or assessment thereon, fails to pay taxes for any year or years, in either case the same property, when discovered, shall be listed and assessed by the board of review * * *."

Plaintiff had paid its taxes under amended section 26 which was later held to be unconstitutional in *Dee-El Garage, Inc. v. Korzen* (1972), 53 Ill. 2d 1, 289 N.E.2d 431. The trial court ruled that for the years 1970 and 1971 the taxes could be assessed as omitted property. We agree with that ruling. After plaintiff was refunded its payments, the tax books indicated that no taxes were paid on the property for those tax years. Therefore, the assessor could tax the property under section 220.

Further, whether we view the assessor's abortive attempt to assess pursuant to amended section 26 and his effort to assess pursuant to section 26 as an omission of property from assessment or as a defective assessment of property liable to be taxed, in either case the assessor would be authorized to assess the property under section 220 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 701). (*In re Application of Rosewell* (1979), 73 Ill. App. 3d 225, 229, 390 N.E.2d 1294, 1299.) Finally, this result is in accord with analogous holdings and dicta in this and other States permitting omitted property assessments after initial assessments have

been declared invalid or void. For a detailed listing of cases in other jurisdictions, see *In re Application of Rosewell* (1979), 73 Ill. App. 3d 225, 230.

Plaintiff finally contends the trial court erred in finding the subject property was "omitted" for the year 1972 and authorizing back taxes thereon. Plaintiff claims the property was marked as exempt for that year. Further, defendants' back-taxing procedure deprived plaintiff of equal protection of the law.

We disagree with plaintiff. For the year 1972, the fee interest is represented by index No. 17-16-100-030-8001 which is marked as "exempt." However, for that same year, index No. 17-16-100-030-8002 (representing plaintiff's interest) is not marked as "exempt" but is an assessed valuation. Consequently, the above argument discussed in plaintiff's first issue is applicable here. We find no error in this regard.

■■ Plaintiff asserts that after the board of appeals had closed for filing assessment complaints and after the 1973 assessments as they then stood were final, the assessor back taxed the subject leasehold for the years 1970, 1971 and 1972, thus depriving plaintiff of its right to have the assessment for each of those years reviewed by the board of appeals and depriving plaintiff of equal protection of the law.

We disagree. Section 97 of the Revenue Act of 1939 (Ill. Rev. Stat. 1973, ch. 120, par. 578) confers upon the county assessor the authority to make assessments of omitted property at the direction of the board of appeals or on his own initiative. The statute provides that the assessor has the authority to assess omitted property after he has completed his revision of assessments, executed his affidavit and delivered the books to the board of appeals. (*North Pier Terminal Co. v. Tully* (1976), 62 Ill. 2d 540, 546, 343 N.E.2d 507, 510.) Further, by specifically providing in section 97 that the assessor may make omitted property assessments after the assessment books have been certified and delivered to the board of appeals, the legislature must have contemplated that there need not be review of the assessor's action in all cases because the board of appeals must adjourn by a fixed date after the delivery of the books, while there is no date fixed for the assessor to complete his duties. (*In re Application of Rosewell* (1979), 73 Ill. App. 3d 225, 233, 390 N.E.2d 1294, 1301.) We find no merit in plaintiff's claim that the back tax assessments were rendered invalid due to a deprivation of any statutory right to review or equal protection of the law.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI and ROMITI, JJ., concur.