CHICAGO GRAVEL COMPANY, Plaintiff-Appellant, *v.* EDWARD J. ROSEWELL, Treasurer of Cook County, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 81—2647

Opinion filed September 14, 1983.—Rehearing denied October 31, 1983.

Rooks, Pitts, Fullagar and Poust, of Chicago (Terence E. Flynn and Geoffrey A. Bryce, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and James McVane, Jr., Assistant State's Attorneys, of counsel), for appellees.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Plaintiff, Chicago Gravel Company (Chicago Gravel), appeals an order of the circuit court of Cook County denying a permanent injunction and dissolving a preliminary injunction precluding defendants, Edward J. Rosewell, as treasurer of Cook County, and Thomas Hynes, as assessor of Cook County (Rosewell), from reassessing and retaxing one parcel of plaintiff's property, Assessor's Permanent Index Number 06—30—100—008 (P.I.N. 008), for the years 1968 through 1977. Plaintiff further appeals an order of the circuit court of Cook County regarding payment into escrow, held by defendant, Edward J. Rosewell, of taxes, interest and penalties for the years 1968 through 1977 on the above described property.

It was stipulated that Chicago Gravel had made good faith payments in full of taxes levied on the property for the years involved. The assessor ascertains the tax due by multiplying the number of acres involved times the property's assessed valuation per acre. However, due to a clerical error in the assessor's office in copying the acreage of the property in question as 10.8 acres rather than 70.8 acres, the property, P.I.N. 008, was undertaxed. Three quadrennial assessments occurred (1968, 1973 and 1977) without discovery of the error. Only when Chicago Gravel appealed the proposed valuations on all 27 of the parcels that it owned in 1978, did anyone discover the error.

In 1978, Rosewell began administrative back tax proceedings against Chicago Gravel for tax years 1958 to 1977 on the property identified as P.I.N. 008. Although he allowed certificates of error to be filed on the property for the years 1958 through 1967, he maintained his demand for back taxes on the property for 1968 through 1977. Chicago Gravel had no further administrative remedy since the books of the Board of Appeals were closed.

On September 12, 1979, Chicago Gravel filed a complaint for a preliminary injunction to restrain the defendants from assessing and collecting additional taxes, interest and penalties on the property identified as P.I.N. 008. A 10-day temporary restraining order was entered on September 14, 1979, and was later extended to November 26, 1979. Defendants filed a motion to dismiss the complaint. The hearing on the motion to dismiss was continued to January 1980. On January 9, 1980, the trial court denied the motion to dismiss and granted a preliminary injunction enjoining Rosewell from the collec-

tion of taxes on the property, the imposition of penalties or interest and the sale of plaintiff's property identified as P.I.N. 008. On January 30, 1981, after many continuances and transfers of the case, Chicago Gravel moved for a rule to show cause, maintaining that Rosewell had sold the property identified as P.I.N. 008 at a scavenger sale, in defiance of the preliminary injunction. When Rosewell agreed to vacate the sale and clear Chicago Gravel's title, the trial court denied the motion for a rule to show cause and set the matter for hearing on February 20, 1981. Several additional continuances and transfers ensued. A hearing was held on October 13, 1981, and Chicago Gravel's motion for a permanent injunction was denied. The trial court found that the property identified as P.I.N. 008 was "omitted property" for the years 1968 through 1977 and that under Illinois law (Ill. Rev. Stat. 1979, ch. 120, par. 701 *et seq.*), the collection of back taxes as well as interest and penalties was authorized. The preliminary injunction granted to the plaintiff was dissolved and plaintiff's motions for a permanent injunction, and with respect to the amount to be placed in escrow, were denied.

The primary issue on appeal is whether the trial court erred in finding the property identified as P.I.N. 008 to be "omitted property" under the statute. Section 220 of the statute provides in pertinent part:

> "If any real or personal property is omitted in the assessment of any year or number of years, so that the taxes thereon, for which such property was liable, have not been paid, or if any such property, by reason of defective description or assessment thereon, fails to pay taxes for any year or years, in either case the same property, when discovered, shall be listed and assessed by the board of review or, in counties having a board of appeals, by the assessor either on his own initiative or when so directed by the board of appeals." Ill. Rev. Stat. 1979, ch. 120, par. 701.

The Illinois Supreme Court addressed this issue in *People ex rel. Schuler v. Chapman* (1939), 370 Ill. 430, 19 N.E.2d 351. In that case a zero was omitted in transferring the assessment of the property to the assessor's books. For the quadrennial assessment 1923 to 1926 inclusive, the property was assessed as improved real estate of a value of $60,000. The assessment of $60,000 in previous years was entered on the assessor's books as $6,600 for the quadrennial 1927 through 1930 inclusive. Taxes were levied and collected for each of these years based on the lower figure. When the error was discovered six years later, the trial court entered judgment for the sale of the property,

finding that the underassessed property should be deemed omitted for the years in question. The supreme court reversed and remanded holding that if property is not assessed at all, it may be assessed in later years as omitted property; but that where an assessment has been made too low due to clerical error, it may not be reassessed in subsequent years as having been omitted.

Although, as Rosewell points out in his brief on appeal, the *Chapman* case dealt with the underassessment of improvements to property and the case at bar involves the assessment of the property itself, we do not agree that this is a meaningful distinction. The principle of law is the same in either case: property which has been assessed, and upon which taxes have been levied and paid in their entirety, even though the assessment through mistake was too low, may not be reassessed in a subsequent year as omitted.

In *Hamer v. Kirk* (1978), 57 Ill. App. 3d 335, 373 N.E.2d 64, the issue was whether the trial court had erred in refusing to order the reassessment of real properties which had been underassessed from 1967 until 1973. In holding that such property was not omitted property under the statute the court stated "the omitted property theory *** has been strictly limited in its application to those situations where the taxes have been *properly assessed* and levied against the taxpayers, but for some reason the taxing bodies have not collected the taxes. [Citations.]" (57 Ill. App. 3d 335, 341.) The omitted property theory does not permit the additional assessment of taxes on property improperly underassessed by the tax authorities and on which the taxes have already been collected. The court pointed out the fundamental principle that taxes must have some degree of finality, stability and security to the taxpayer. 57 Ill. App. 3d 335, 341.

This court reached a similar determination in *Holiday Inns of America, Inc. v. Tully* (1982), 106 Ill. App. 3d 1004, 436 N.E.2d 592. In that case, the property in question was found to be omitted property within the meaning of the statute. The taxpayer had originally paid a use tax on its leasehold improvements. This tax was subsequently held to be unconstitutional and the resulting tax was held void. The use tax, therefore, was refunded to the taxpayer. Therefore, the tax books indicated that no taxes had been paid for the years in question and thus the property could be assessed as omitted under section 220 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 701).

Based on this consistent interpretation of the statute (Ill. Rev. Stat. 1979, ch. 120, par. 701 *et seq.*), we find the trial court erred in authorizing the collection of additional taxes as well as penalties and

interest on the property identified as P.I.N. 008. Since the taxes on the property were paid as levied for the years in question, we find that the property was not omitted, and thus the decision of the trial court must be reversed.

We further find that the amount held in escrow by defendant, Edward J. Rosewell, covering the taxes, interest and penalties for the years 1968 through 1977 on the property identified as P.I.N. 008, plus interest which has accrued since the date of deposit of the escrow should be refunded to the plaintiff.

Reversed and remanded with directions.

WHITE and O'CONNOR, JJ., concur.