VERA L. BROWN, Plaintiff-Appellant, v. ROBERT J. TUTTLE *et al.*, Defendants-Appellees.

Fifth District   No. 5—88—0302

Opinion filed October 5, 1989.

Richard A. Cagle, of Cagle Law Offices, of Alton, for appellant.

Robert S. Forbes, of Forbes & Alfeld, P.C., of Alton, for appellees.

JUSTICE HOWERTON delivered the opinion of the court:

Plaintiff contracted to sell her home to defendants, who had obtained a guaranteed loan from the Veteran's Administration for the purchase.

Federal regulations covering Veteran's Administration loans provide:

> "(a) No charge shall be made against, or paid by, the borrower incident to the making of a guaranteed or insured loan other than those expressly permitted under paragraph (d) or (e) of this section, and no loan shall be guaranteed or insured unless the lender certifies to the Administrator that it has not imposed and will not impose any charges or fees against the borrower in excess of those permissible under paragraph (d) or (e) of this section.
>
> * * *
>
> (d) ***
>
> * * *
>
> (2) A lender may charge and the veteran may pay a flat charge not exceeding 1 percent of the amount of the loan, provided that such flat charge shall be in lieu of all other charges relating to costs of origination." 38 C.F.R. §36.4312 (1987).

Defendant Robert Tuttle signed a note agreeing to pay plaintiff $1,760 as reimbursement for the points charged on the loan. Defendants later refused to pay and plaintiff brought this action.

The circuit court of Madison County held that the agreement was illegal and unenforceable and entered judgment for defendants. We reverse.

The sole question is whether the regulation prohibits a seller and a buyer from entering into a contract that would be prohibited between the lender and the buyer. It is one of first impression in Illinois.

The rule most basic to statutory construction is that courts are bound to give effect to statutes according to the usual, ordinary meaning of the language. (*Illinois Power Co. v. Mahin* (1978), 72 Ill. 2d 189, 381 N.E.2d 222.) If the words are clear the court should not

alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.

■ The regulation prohibits the lender from assessing the borrower a loan origination fee in excess of 1%. Nothing in the language of the regulation prohibited plaintiff and defendant from entering into the separate agreement covering the loan origination fees seller agreed to pay in order that defendants could get a Veteran's Administration loan.

Although the case is one of first impression in Illinois, California and Maryland have likewise interpreted the regulation. See *Ganey v. Doran* (1987), 191 Cal. App. 3d 901, 236 Cal. Rptr. 787; *Messitte v. Colonial Mortgage Service Co. Associates, Inc.* (1980), 287 Md. 289, 411 A.2d 1051.

The judgment of the circuit court is reversed and remanded with directions.

Reversed and remanded with directions.

WELCH, P.J., and CHAPMAN, J., concur.