(No. 59414.—)

CHICAGO GRAVEL COMPANY, Appellee, v. EDWARD
J. ROSEWELL, County Treasurer, *et al.*, Appellants.

*Opinion filed October 3, 1984.*

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Deputy State's Attorney, and James McVane, Jr., Assistant State's Attorney, of counsel), for appellant.

Terence E. Flynn and Geoffrey A. Bryce, of Rooks, Pitts, Fullagar and Poust, of Chicago, for appellee.

JUSTICE CLARK delivered the opinion of the court:

This appeal requires us to determine whether a taxpayer who pays all real property tax bills sent to it, with no actual knowledge of any error in those tax bills, can be subjected to back taxes claimed as a result of the taxing authorities' error. Plaintiff, Chicago Gravel Company (Chicago Gravel), owns certain real estate in Cook County, comprised of a gravel pit and abutting property. The practice of the assessor is to arbitrarily divide this contiguous property into a variety of tax parcels. The tax parcels are then given a permanent index number (PIN), which, pursuant to statute, becomes a legal description of the property. (Ill. Rev. Stat. 1979, ch. 120, par. 511.) In the plaintiff's case, its contiguous property was divided into over 20 parcels.

In 1967, the plaintiff, under threat of condemnation, sold a portion of its property to the Metropolitan Sanitary District. Subsequent to the sale, the assessor divided some of the parcels which it conveyed and created

a new two-tiered PIN system. Part of the new system marked some parcels "exempt" for the land sold, and the balance was given two new PINs for parcels subject to taxation, one of which is PIN 06-30-100-008 (PIN 008), the parcel in question.

In order to determine the taxes due, the assessor multiplied the number of acres involved times the property's assessed valuation per acre. During the tax years 1968 through 1977, the assessor assessed and the collector collected from Chicago Gravel real estate taxes on PIN 008. However, due to a clerical error in the assessor's office in copying the acreage of the property in question as 10.8 acres rather than 70.8 acres, PIN 008 was undertaxed. Three assessments occurred, one in 1968, one in 1973, and one in 1977, without discovery of the error. The error was first discovered when Chicago Gravel appealed the proposed valuations on all the parcels that it owned in 1978.

In 1978, the defendants began administrative back-tax proceedings against Chicago Gravel for tax years 1968 through 1977. On September 12, 1979, Chicago Gravel filed a complaint to restrain the further assessment and collection of additional taxes on PIN 008. The trial court found that the property identified as PIN 008 was "omitted property" for the tax years 1968 through 1977; therefore, under Illinois law (Ill. Rev. Stat. 1979, ch. 120, par. 701), the collection of back taxes as well as interest and penalties was authorized.

In determining that the trial court erred in authorizing the assessment and collection of taxes on the 60 acres in question, the appellate court found the property not to be "omitted property," but "underassessed property." (118 Ill. App. 3d 535, 538-39.) Since the court determined that the parcel was underassessed, pursuant to Illinois law (Ill. Rev. Stat. 1979, ch. 120, par. 701), the taxing authorities cannot collect back taxes, interest or

penalties.

Section 220 of the Revenue Act of 1939 provides in pertinent part:

> "If any real or personal property is omitted in the assessment of any year or number of years, so that the taxes thereon, for which such property was liable, have not been paid, or if any such property, by reason of defective description or assessment thereon, fails to pay taxes for any year or years, in either case the same property, when discovered, shall be listed and assessed by the board of review or, in the counties having a board of appeals, by the assessor either on his own initiative or when so directed by the board of appeals." Ill. Rev. Stat. 1979, ch. 120, par. 701.

The liability of the owner of property for the payment of taxes is purely statutory. The law is well settled that the legislative power of a State to provide for the levy and collection of taxes is unlimited, except as restricted by the State and Federal constitutions. (*Chambers v. People ex rel. Fuller* (1885), 113 Ill. 509, 523.) However, the obligation of the citizen to pay taxes is purely a statutory creation, and taxes can be levied, assessed and collected only in the manner authorized expressly by statute. *People v. Sears* (1931), 344 Ill. 189, 191.

In *People ex rel. Schuler v. Chapman* (1939), 370 Ill. 430, this court previously addressed the issue presented in the case at bar. In that case, a cipher was left out in transferring the assessed valuation of the parcel in question to the assessor's books, thus the taxpayer's assessment of $66,000 in previous years became $6,600 in the years in question. Taxes were levied and collected for each of these years based on the lower figure. When the error was discovered six years later, the trial court entered judgment for the sale of the property, finding that the undertaxed property should be deemed omitted for the years in question. This court reversed and remanded,

holding that if property is not assessed at all, it may be assessed in later years as omitted property, but where an assessment has been made too low due to clerical error, it may not be reassessed in subsequent years as having been omitted. 370 Ill. 430, 440.

Here, a similar numerical error, namely the changing of 70.8 acres to 10.8 acres, demands a similar result. Although, as the defendants point out in their brief, the *Chapman* case dealt with the underassessment of improvements to property and the case at bar involves the assessment of the land itself, we cannot agree that this is a meaningful distinction. The principle of law is the same in both cases; property which has been assessed, and upon which taxes have been levied and paid in their entirety, even though the assessment through mistake was too low, may not be reassessed in a subsequent year as omitted.

The crux of the defendants' argument is that in *Chapman* this court held that all of the property was assessed, but at too low a level; whereas in the case at bar 60 acres of Chicago Gravel's property was never assessed. However, when this theory is viewed with the statutory mandate of the PIN system, an obvious flaw in the defendants' argument shines through. Section 30 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 511) defines the jurisdictional ambit of an index-number system in pertinent part:

> "The real estate index number system shall describe real estate by township, section, block, and parcel or lot, the street or post office address, if any, and street code number *** ."

All of the aforementioned requirements appear on the property tax bills. Absent from the statutorily mandated criteria for the description of real estate in the assessor's PIN system, however, is any mention of "acres." Neither party contends that there was any error in the

township, section, block, parcel or lot description. The assessor's error was a misnumbering of "acres," not a statutory part of the legal description as defined by section 30 of the Revenue Act of 1939. Therefore, the parcel in question, described and taxed as "Vol. 61, Hanover Township, S.E. Elgin, 06-03-100-008," was properly described. This proper description encompassed the *entire* parcel, not just 10.8 of its acres. The "omitted" 60 acres is subsumed and included within the same PIN as the 10.8 acres.

It is important to note that *Chapman* is not absolute in its holding that the taxing authorities cannot correct their own undervaluation mistakes. This court clearly indicated that if the taxpayer was guilty of fraud, or some form of wrongdoing, the taxing authorities could nevertheless recapture the taxes. (*People ex rel. Schuler v. Chapman* (1939), 370 Ill. 430, 439.) The stipulated facts have dispelled any notion of "fraud" by the taxpayer. The facts show that at the time of the undervaluation the parcel had been recently created. The parties stipulated that "no document sent by the Assessor to Taxpayer, including the tax bills for each year, referred to or in any way indicated the acreage of either 06—60—100—008 or 06—30—100—010." In addition, it is stipulated that Chicago Gravel paid the taxes levied on PIN 008, and "at no time did Taxpayer, or any of its employees or representatives have actual knowledge that 60 acres were missing among the acreage figures of 06—30—100—008, 06—30—100—010, and the Metropolitan Sanitary District PIN Numbers." Lastly, the facts disclose that it was only when Chicago Gravel appealed the proposed valuations on all the parcels that it owned in 1978 that anyone discovered the error.

More recently, in *Hamer v. Kirk* (1978), 57 Ill. App. 3d 335, the appellate court rejected the plaintiff's argument that the assessor could recapture taxes on parcels

which had been undervalued due to disputed valuations of the assessor. In reaffirming the *Chapman* position, the court said that the statute "has been strictly limited in its application to those situations where the taxes have been *properly assessed* and levied against the taxpayers, but for some reason the taxing bodies have not collected the taxes." (57 Ill. App. 3d 335, 341.) These essential elements for application of the statute in question, (1) proper assessment and levy, but (2) no payment of any taxes, are not present in the instant case. Here, the taxes were not "properly assessed and levied." The stipulated facts denote that the taxes were improperly calculated through the assessor's undervaluation error. Furthermore, Chicago Gravel paid all taxes assessed and levied on PIN 008. Therefore, the "strict" limitation set out in *Hamer* clearly excludes application of the statute against the taxpayer herein.

In explanation of the underlying principle behind the statute, the appellate court also stated:

"[This court's] decision also recognizes the fundamental principle that taxes must have some degree of finality, stability, and security to the taxpayer." *Hamer v. Kirk* (1978), 57 Ill. App. 3d 335, 341.

It is a fundamental principle that everyone must pay his or her share of the tax burden. It is also a fundamental principle that the actions of the taxing authorities have some finality. In the case at bar, the property was assessed and taxes paid. Absent fraud, the taxes cannot in a subsequent year be increased because the parcel was underassessed.

This fundamental principle of finality, and the essential elements for triggering the statute in question, (1) proper assessment or levy, and (2) no payment of taxes by the parcel, were followed in *Holiday Inns of America, Inc. v. Tully* (1982), 106 Ill. App. 3d 1004. In that case, the property in question was found to be omitted

property within the meaning of the statute. The taxpayer had originally paid a use tax on its leasehold improvements. This tax was subsequently held to be unconstitutional and was held void. Therefore, the use tax was refunded to the taxpayer. The trial court held that because the tax books indicated that no taxes had been paid for the years in question, the property could be assessed as omitted under section 220 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 701). The court, in affirming the trial court, stated the general rule:

> "The general rule states that where real estate has been assessed by the proper description and the taxes extended thereon have been fully paid, the board of review has no power in a subsequent year to review that assessment and increase or diminish it; but, if no assessment was made then the board of review may make an assessment of the omitted property in a subsequent year." *Holiday Inns of America, Inc. v. Tully* (1982), 106 Ill. App. 3d 1004, 1009.

Unlike the facts in *Holiday Inns*, PIN 008 has been assessed by proper description, as noted earlier. In addition, the assessor's tax books in this case show that the taxes extended thereon have been fully paid. Therefore, following the general rule stated in *Holiday Inns*, the defendant taxing authorities have no power to review that assessment.

Once property as defined and identified by the taxing bodies, such as by the PIN system, has been assessed, levied, billed and taxes paid thereon, the taxing authorities cannot under section 220 of the Revenue Act of 1939 (Ill. Rev. Stat. 1979, ch. 120, par. 701) recapture more taxes merely because the assessor made a clerical error in the taxing formula. We therefore affirm the judgment of the appellate court.

*Judgment affirmed.*