*In re* APPLICATION OF COUNTY COLLECTOR OF McHENRY COUNTY
(The People *ex rel.* Audrey Walgenbach, Petitioner-Appellant, v. Palatine
National Bank Trust, Trust No. 953, *et al.*, Respondents-Appellees).

Second District   Nos. 2—87—0403 through 2—87—0405 cons.

Opinion filed February 3, 1988.

Thomas F. Baker, State's Attorney, of Woodstock, and Brydges, Riseborough, Morris, Frank & Miller, of Waukegan (David N. Stone, Assistant State's Attorney, and Allyn J. Franke, of counsel), for appellant.

Abbamonto, Szura & Binder, of Cary (Richard J. Szura, of counsel), for appellees.

JUSTICE REINHARD delivered the opinion of the court:

Petitioner, Audrey Walgenbach, the McHenry County collector, appeals from a judgment of the circuit court of McHenry County granting tax refunds of $21,296, $13,609.78, and $2,883.26 to respondents-tax objectors, Palatine National Bank, trust No. 953, *et al.*, and finding that there was no fraud or concealment of property by respondents, that any error was made by the taxing body, and that there must be finality, stability, and security to the taxpayers.

The relevant facts in these three cases, consolidated in the circuit court, were stipulated to as follows. Community Unit School District No. 220 (School District No. 220) is a multicounty school district located in Cook, Lake, Kane, and McHenry Counties. Section 164a of the Revenue Act of 1939 (Act) (Ill. Rev. Stat. 1981, ch. 120, par. 645a), which provides for a fair apportionment of the burden of taxation of property situated in taxing districts that lie in more than one county, authorizes the Department of Revenue to apportion the amounts to be raised by taxation within multiple counties in the taxing district, so that each portion shall bear that burden of taxation as though property, or classes thereof, in all parts of the overlapping taxing district had been assessed at the same proportion of actual value. It also authorizes the Department of Revenue to certify, to each county clerk, the amounts which shall be extended upon the property

of the taxing district which lies in his county. Ill. Rev. Stat. 1981, ch. 120, par. 645a.

However, for the tax years 1980, 1981, and 1982, the certifications of the amount to be extended under the fair apportionment computations were not received by the county clerk of McHenry County until after the time the tax bills had been prepared and sent out. Hence, the previous year's figures were utilized. For each of the years, 1980, 1981, and 1982, the amount of taxes that should have been extended against the McHenry County taxable property for School District No. 220 was lower than the amount subsequently received from the Department of Revenue by the following amounts:

| Year | Amount of Utilization of Tax Levy |
|------|-----------------------------------|
| 1980 | $117,795.48 |
| 1981 | $ 94,286.65 |
| 1982 | $ 34,050.00 |

Pursuant to the provisions of section 162d of the Act (Ill. Rev. Stat. 1981, ch. 120, par. 643d) (effective January 16, 1981) the McHenry County clerk did, for the years 1981, 1982, and 1983, provide an adjustment pursuant to which the amount of under extension of taxes for the previous year (1980, 1981, and 1982, respectively) was extended as a separate tax for School District No. 220 in the following year, as follows:

| Year | McHenry County Assessed Valuation | Adjustment Levy Tax Extension | Additional Rate Produced |
|------|-----------------------------------|-------------------------------|--------------------------|
| 1981 | $ 24,125,704 | $117,795.48 | .491% |
| 1982 | $ 24,889,593 | $ 94,286.65 | .379% |
| 1983 | $ 24,111,274 | $ 34,050.00 | .142% |

No levy procedures to cover these adjustment levy extensions were made by School District No. 220, and the entire adjustment was handled solely by the county clerk of McHenry County.

The tax objections here concern the problem of the valuation of properties and the setting of the tax rates for property lying within different counties and the resultant adjustments in the subsequent year by the county clerk where estimated valuations or rates are utilized for the tax year because certified valuations or rates have not been timely provided.

The drafters of article IX, section 7, of the 1970 Constitution of Illinois recognized the problem of the fair apportionment of the burden of taxation of property in taxing districts overlapping more than one county and provided:

"The General Assembly may provide by law for fair appor-

14

tionment of the burden of taxation of property situated in taxing districts that lie in more than one county." (Ill. Const. 1970, art. IX, §7.)

In 1973, pursuant to the Constitution's authorization, the Illinois General Assembly added section 164a to the Act (Ill. Rev. Stat. 1973, ch. 120, par. 645a), which provided a fairer method to apportion the burden of taxation in overlapping taxing districts. Under section 164a, the Department of Revenue is to make an assessment ratio study using equalized assessed values as certified by the county clerk, determine the proportionate share of the actual value of the taxing district's property per county, and certify the amount of tax each county clerk should extend. Ill. Rev. Stat. 1973, ch. 120, pars. 645a(a), (b), (c).

In 1981, the legislature provided for the situation where the county clerk, for a county into which an overlapping district extends, cannot timely certify the actual valuations or rates for such district. (Ill. Rev. Stat. 1981, ch. 120, par. 643d.) Section 162d, in its current form, provides, in part:

"(a) Notwithstanding any other provisions to the contrary, in counties which have an overlapping taxing district or districts that extend into one or more other counties, the county clerk *** may use estimated valuations or estimated rates, as provided in subsection (b) of this Section, for such overlapping taxing district or districts if the county clerk in any one or more other county into which such overlapping taxing district or districts extend cannot certify the actual valuations or rates for such district or districts. *** (c) If the use of estimated valuations or rates results in over or under extension for the overlapping taxing district in the county using such estimated valuations or rates the county clerk of such county shall make appropriate adjustments in the subsequent year. Any adjustments necessitated by the estimation procedure authorized by this Section shall be made by increasing or decreasing the tax extension by fund for each taxing district where such estimation procedures were used in such overlapping taxing district." Ill. Rev. Stat. 1985, ch. 120, pars. 643d(a), (c).

Petitioner asserts, and it is uncontroverted, that the McHenry County clerk followed the statutory procedures as set forth in sections 164a and 163d of the Act when extending the deficiency taxes for the years 1981, 1982, and 1983. Petitioner contends that section 162d does provide a reasonable implementation of the Constitution's

authorization of the fair apportionment of the tax burden in multiple county taxing districts. Petitioner argues that the levies did not impose upon the taxpayers any amount that they should not have paid; rather, the adjustments constituted the tax breaks they had received in the previous years. Under the statute, the adjustment must be promptly effected in the succeeding tax year, applies to the property receiving the tax break in the previous year, and is limited to the exact amount of the tax windfall. Conversely, had the taxes been overextended in a given year, the county clerk would abate the taxes in the following year by the amount of the overpayment.

Furthermore, petitioner maintains that the circuit court's findings fail to address the issues as no questions were raised concerning fraud or concealment of property nor was any claim made that the taxing body made any error. Additionally, the necessity for finality, stability, and security to the taxpayers is conceded. Petitioner asserts that the only way the adjustment tax could have been voided by the circuit court was to find that the taxing authority of section 162d was invalid and that, here, there was nothing to support such a holding. Petitioner emphasizes that the wording and procedures of section 162d are similar to those of section 222 (Ill. Rev. Stat. 1985, ch. 120, par. 703), which has been upheld in a number of cases and, further, that section 162d, which does not require notice or a hearing prior to extending the tax, does not violate due process, first, because the practical limitations involved in notifying every taxpayer in the taxing district militate against it; and, second, because the rule that changes in individual property's assessments typically require notice and a hearing is inapplicable here, where the extension is of the same tax rate against all taxpayers in the taxing district within the county. Relief for the taxpayer in the latter situation is had through the tax objection process.

Respondents contend that sections 164a and 162d are not a fair apportionment nor a reasonable means of solving the multicounty taxing district problem, claiming that the taxing program set forth in those sections only protects the taxing district and affords no protection to the taxpayer. In particular, respondents contend that a taxpayer who purchases property in an intervening year has no notice of taxes payable from a prior year. Respondents argue, further, that once property has been assessed, levied, billed, and taxes paid thereon, taxing authorities cannot, as they did here, recapture more taxes because of a clerical error the assessor made in the taxing formula. Additionally, they posit that due process requires that notice be given to apprise interested parties of the pendency of the action and

afford the opportunity to present objections. Here, under section 162d, the taxpayers' only notice is received when the tax bill is issued in the subsequent year. Thus, failing to provide for notice and a hearing, section 162d should be declared invalid and the circuit court's decision affirmed.

It is unclear from the record, particularly the circuit court's orders, whether the constitutionality of section 162d was ruled on by the circuit court. Additionally, we agree with petitioner that the findings of the circuit court did not address the precise issue raised in the parties' stipulation of facts. The parties' briefs, however, do focus on whether section 162d is a reasonable and fair manner in which to implement section 164a, which provides for the fair apportionment of the burden of taxation of property in taxing districts that lie in more than one county. Respondents' challenge to section 162d, as we perceive it, is essentially that the provision is unconstitutional as violative of the due process clause of the Illinois Constitution because it lacks a notice provision to taxpayers where there is a deficiency levy utilized for a previous year's taxes which were under extended through the county clerk's estimation process.

Generally, the most important criterion in the area of procedural due process is "reasonableness." The State must act reasonably before depriving a person of a property interest, but burdensome or elaborate efforts to notify interested parties are not constitutionally required. (*Rosewell v. Chicago Title & Trust Co.* (1984), 99 Ill. 2d 407, 412, 459 N.E.2d 966.) A taxing statute, like other statutes, is presumed to be a valid enactment, and the burden rests on the taxpayer who challenges it to establish its constitutional invalidity. *General Telephone Co. v. Johnson* (1984), 103 Ill. 2d 363, 379, 469 N.E.2d 1067.

The law is well settled that the legislative power of a State to provide for the levy and collection of taxes is unlimited, except as restricted by the State and Federal Constitutions. (*Chicago Gravel Co. v. Rosewell* (1984), 103 Ill. 2d 433, 436, 469 N.E.2d 1098.) Here, we are not concerned with an individual real estate assessment where property has been assessed and taxes levied and paid, but, because of a clerical error, the initial assessment was too low. (See *Chicago Gravel Co. v. Rosewell* (1984), 103 Ill. 2d 433, 437, 469 N.E.2d 1098.) Rather, the situation involves a statutory equalization procedure in apportioning the burden of taxation for counties within an overlapping taxing district and a provision to implement this procedure when there is not a timely valuation or rate certification. In this circumstance, the failure to provide prior notice of the extension of a defi-

ciency tax levy or tax credit to the individual taxpayer does not present a denial of due process. Section 162d is a reasonable method to levy and collect taxes and implements the constitutional provision for the fair apportionment of the burden of taxation of property situated in a taxing district lying in more than one county. Due process is afforded to any taxpayer objecting to the valuation or tax rate adjustment procedure through the tax objection process. See Ill. Rev. Stat. 1985, ch. 120, par. 675.

■■ Respondents have presented no argument showing how they are prejudiced by not receiving notice prior to the McHenry County clerk's adjustment of the rate under the permitted statutory procedure in section 162d. Nevertheless, respondents do opine that a taxpayer purchasing real property would not have received proper credit at the closing for real estate taxes because he would not have had notice of the additional tax extended in the next year resulting from the under extension in the prior year. We need not address this argument, however, as respondents have no standing to raise an issue regarding the purported effect of section 162d on the rights of other persons not similarly situated. See *Acme Brick & Supply Co. v. Department of Revenue* (1985), 133 Ill. App. 3d 757, 766, 478 N.E.2d 1380; see also *Illinois Municipal League v. Illinois State Labor Relations Board* (1986), 140 Ill. App. 3d 592, 488 N.E.2d 1040.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed and remanded.

NASH and DUNN, JJ., concur.